IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REX A. COUGHENOUR, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 16-1415 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| THE CITY OF PITTSBURGH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## CASE MANAGEMENT ORDER

IT IS ORDERED that compliance with the provisions of Local Rule 16.1.B shall occur as follows:

1. The parties shall exchange initial disclosures required by Rule 26(a)(1) on or before **May 4, 2018**.

2. The parties shall file any motion to add new parties on or before **June 1, 2018**.

3. The parties shall file any motion to amend the pleadings on or before **June 1, 2018**.

4. The parties have elected early neutral evaluation as their preferred form of Alternative Dispute Resolution. An early neutral evaluation before Kenneth Benson will take place on or before **June 25, 2018**.

5. The parties shall complete all fact discovery on or before **September 28, 2018**. All interrogatories, notices of deposition, requests for admission and requests for production **shall be served within sufficient time to allow responses to be completed and served prior to**

**the close of discovery and within sufficient time to allow the completion of depositions prior to the close of discovery**.

6. Additionally, the discovery deadline will be extended only by leave of court for good cause shown, and upon motion filed prior to the date on which discovery closes. The motion shall state the reason(s) for the requested extension and shall enumerate with specificity any previous extensions of discovery. The filing of a motion to dismiss or other dispositive motion generally will not stay discovery. Likewise, participation in an ADR process will not stay discovery.

7. Counsel for the parties must confer on discovery disputes, consistent with the Court's Local Rules, prior to seeking the Court's intervention. If counsel for the parties cannot resolve the dispute, the parties must contact the Court to set up a conference in an effort to resolve the matter, rather than filing a formal discovery motion. For discovery disputes that arise during a deposition, the attorneys together may contact the Court to resolve the matter.

Any dispute not resolved shall be presented by motion in accordance with the Court's Practices and Procedures (see web page at http://www.pawd.uscourts.gov/sites/pawd/files/JudgeBissoon-Chamber-Rules-Revised-20170214.pdf). For discovery motions (or any other type of motion), **no briefing schedule will issue**. Discovery motions shall include copies of only those pertinent portions of depositions, interrogatories, requests for admission and responses, *et cetera*, that are relevant to disposition of the motion.

8. The provisions of Local Rule 16.1.D, regarding procedures governing the inadvertent disclosure of privileged or trial preparation material, are hereby incorporated into this Order, as if fully restated herein.

9.	A separate order addressing the timing and procedures for dispositive motions will issue after the close of discovery.

10.	**A Post-Discovery Status Conference is scheduled for October 16, 2018 at 10:00 a.m. in Suite 3250**.  Prior to that conference, the parties shall meet and confer regarding settlement of the case.  **In cases in which a party has demanded a JURY trial**, **counsel for every party shall submit a position letter to this Court at least three (3) business days prior to the Conference.**  The position letter shall set forth the following:  (a) A brief recitation of the facts; (b) A discussion of your party's strengths and weaknesses; and (c) Your party's settlement posture.  To ensure candor, the position letters are not to be filed nor shared with opposing counsel, but rather **emailed** to:  bissoon_external@pawd.uscourts.gov.  All position letters will be kept **confidential**.

11.	**In both JURY and NONJURY cases, the parties together shall prepare for submission a Joint Proposed Settlement Agreement**.  The Proposed Agreement shall include all necessary and material terms; however, terms that have not yet been agreed upon shall be indicated by use of a blank line.  The Proposed Agreement will not be filed, but rather, shall be **emailed** to bissoon_external@pawd.uscourts.gov, **at least three (3) business days prior to the Conference**.  Counsel for the City of Pittsburgh shall be responsible for maintaining the Proposed Agreement; emailing it to Chambers; and shall bring to the Conference a laptop containing a Microsoft Word-compliant version of the final Agreement.

12.	**In all JURY cases**, **counsel and their clients, or persons with full settlement authority (including insurance companies), MUST BE PRESENT at the Post-Discovery Status Conference**.  A person with full settlement authority is not someone who is required to consult with other individuals, by telephone or otherwise, to obtain approval for any proposed

settlement term or amount.  Absent Court approval in advance of the Conference, for good cause shown, the Court will not entertain telephone participation in settlement negotiations.  Any party who fails to secure the attendance of person(s) with full settlement authority, may be summarily assessed the costs and attorney's fees of those parties who have secured such attendance, and the Court, it its discretion, may reschedule the Conference to a date and/or time at which a person or persons with full settlement authority will attend.

        13.    **In NONJURY cases**, the parties should not provide position statements and need not bring clients or persons with settlement authority to the Post-Discovery Status Conference, unless otherwise instructed by the Court.

April 26, 2018　　　　　　　　　　　　　　　　s/Cathy Bissoon
　　　　　　　　　　　　　　　　　　　　　　　Cathy Bissoon
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

cc (via ECF email notification):

All Counsel of Record